UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELEOMAR RENDON | § | |
|    *Plaintiff* | § | |
| | § | |
| v. | § | C.A. NO.: 3:23-cv-404 |
| | § | |
| COVINGTON SPECIALTY | § | |
| INSURANCE COMPANY; | § | |
|    *Defendant* | § | |

## DEFENDANT COVINGTON SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Covington Specialty Insurance Company files this Notice of Removal under 28 U.S.C. §§ 1441 and 1446(a), as follows:

### Introduction

1. This lawsuit concerns a dispute over a claim for property damage made under a commercial insurance policy.

2. On January 23, 2023, Plaintiff filed suit against Defendant, in a case styled Cause No. 110293; *Eleomar Rendon vs. Covington Specialty Insurance Company;* in the 40th Judicial District Court of Ellis County, Texas (the "State Court Lawsuit").

3. On January 23, 2023, Covington Specialty Insurance Company ("Covington") received Plaintiff's Original Petition filed in the State Court Lawsuit.

4. Covington has not received a citation or otherwise been properly served the Original Petition.

### Removal is Timely, Proper, and Lawful

5. Removal is timely because Defendant files this Notice of Removal within the 30-day time-period required by 28 U.S.C. § 1446(b). *Am. Film & Printing, Ltd. v. Cowart Mulch Products, Inc.*, no. 3:15-cv-0682-L-BF, 2015 WL 5836599, at *2 (N.D. Tex. July 16, 2015), report and recommendation adopted sub nom. *Am. Film & Printing, Ltd v. Cowart Mulch Products, Inc.*, 2015 WL 5836325 (N.D. Tex. Oct. 1, 2015); *Monterey Mushrooms, Inc. v. Hall*, 14 F.Supp.2d 988, 991 (S.D. Tex. 1998).

6. Removal to this District and Division is proper pursuant to 28 U.S.C. § 1441(a) because the state court where the lawsuit is pending is located in this District and Division. 28 U.S.C. § 124(a)(1).

7. Removal is lawful because a defendant is permitted to remove a civil action from state court to a federal district court that has original jurisdiction. 28 U.S.C. § 1441(a). Among other circumstances, federal district courts have original jurisdiction over cases between completely diverse citizens involving an amount in controversy of at least $75,000. 28 U.S.C. § 1332(a).

8. Here, Covington is a citizen of New Hampshire, where it is incorporated, and Georgia, where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 88-89 (2005).

9. Covington has conducted a diligent investigation to determine the citizenship of Plaintiff, including review of information available via the Ellis County Appraisal District's website.

10. Significantly, Plaintiff alleges that he is a resident of Ellis County, Texas.

[ECF Doc. # 1-5, at ¶ 2.1]  Appraisal records indicate Plaintiff resides and is domiciled in Ellis County at 910 S. Paris Street, Ennis, Texas 75119, where Plaintiff claims a homestead tax exemption, which indicates the address is his residence and the place he intends to make his home. Moreover, Covington is not aware of any information that indicates Plaintiff is a citizen of any state other than Texas.

11.     Therefore, after conducting a diligent investigation, Defendant pleads, based on information and belief, that Plaintiff is a citizen of Texas because he resides in Texas and

12.     Finally, it is undisputed that the amount in controversy exceeds $75,000. [ECF Doc. # 1-5, at ¶ 1.1 and 9.1]. *See Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961). Accordingly, the requirements needed for federal diversity jurisdiction are met as between Plaintiff and Defendant.

## Jury Demand

13.     Plaintiff did demand a jury in the State Court Lawsuit, [ECF Doc. #1-5 ¶ 12.1]. The State Court Lawsuit is not set for trial or any other hearing. [ECF Doc. #1-4].

## Conclusion and Contemporaneous Removal Filings

14.     The State Court Lawsuit should be removed to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the parties, and the judgment value of damages sought by Plaintiff is in excess of the jurisdictional limit.

15.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be given to Plaintiff and filed  with the clerk of the state court where the suit is pending promptly after the filing of this Notice.

16. Pursuant to 28 U.S.C. §1446(a) and Local Rule 81.1, the following documents are being filed simultaneously and as exhibits to this notice of removal:

1. Civil Cover Sheet;
2. Supplemental Civil Cover Sheet;
3. Index of documents being filed;
4. State Court Lawsuit docket sheet (except discovery material);
5. Each document filed in the State Court Lawsuit; and
6. Certificate of Interested Persons.

17. WHEREFORE, Defendant requests that this action be removed from the 40th Judicial District Court of Ellis County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

/s/ *John Michael Raborn*
    John Michael Raborn
    Attorney in Charge
    State Bar No. 24057364
    jmr@egglestonbriscoe.com

**EGGLESTON & BRISCOE, LLP**
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100
(713) 951-9920 facsimile

and

    April F. Robbins
    Local Counsel
    State Bar No. 16983470
    arobbins@canteyhanger.com

**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
Telephone: (817) 877-2856
Facsimile: (817) 877-2807


ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      I certify that on February 22, 2023, a true and correct copy of the foregoing was served on all counsel of record, including those listed below, via any proper method of service allowed by the Federal Rules of Civil Procedure, the Local Rules for this Court, or any method of service agreed to by the parties.

    Jesse S. Corona
    The Corona Law Firm, PLLC
    12807 Haynes Road, Bldg. E
    Houston, Texas 77066
    281-882-3531
    713-678-0613 (fax)
    jesse@theCoronaLawfirm.com

                                    /s/ *John Michael Raborn*
                                      John Michael Raborn