Filed 1/23/2023 11:48 AM
Melanie Reed
District Clerk
Ellis County, Texas

110293

CAUSE NO. _____

| | | |
|---|---|---|
| ELEOMAR RENDON, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | OF ELLIS COUNTY, TEXAS |
| | § | |
| COVINGTON SPECIALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | 40TH \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff ELEOMAR RENDON, and complains of Defendant COVINGTON SPECIALTY INSURANCE COMPANY ("COVINGTON"). In support of such claims and causes of action, Plaintiff respectfully shows unto this Honorable Court and Jury as follows:

## I. DISCOVERY CONTROL PLAN

1.1    Discovery in this case should be conducted in accordance with a Level 3 tailored discovery control plan pursuant to TEX. R. CIV. P. 190.4. Plaintiff affirmatively pleads this suit is not governed by the expedited-actions process in Rule 169, as Plaintiff seeks monetary relief over $250,000 excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

## II. PARTIES

2.1    Plaintiff, ELEOMAR RENDON, is a resident of Ellis County, Texas.

2.2    Defendant, COVINGTON SPECIALTY INSURANCE COMPANY, is a foreign company engaged in the business of insurance in this state. Defendant does not maintain an agent for service with the Texas Department of Insurance. However, in its Policy of Insurance

Copy from re:SearchTX

issued to Plaintiff, it did designate the commissioner of insurance in the state where the Policy was issued as its agent for service of process. Therefore, in accordance with that Policy, Defendant may be served with process by serving the citation and a copy of this Petition, by certified mail return receipt requested, on Senior Claims Office of RSUI Group, Inc., located at 945 East Paces Ferry Road, Atlanta, Georgia 30326-1160 or his designee, c/o the Texas Commissioner of Insurance, Chief Clerk Office, located at 333 Guadalupe MC 112-2A, P.O. Box 149104, Austin, Texas 78714-9104, or wherever it may be found. Plaintiff requests citation be issued and E-served to Plaintiff's attorney's office at this time.

### III.  JURISDICTION AND VENUE

3.1     This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

3.2     Venue is proper in Ellis County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Ellis County, Texas.

### IV.  AGENCY AND RESPONDEAT SUPERIOR

4.1     Whenever in this Petition it is alleged that Defendant did any act or thing, it is meant that Defendant or its agents, officers, servants, employees, or representatives did such a thing. It was also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

### V.  CONDITIONS PRECEDENT

5.1     All conditions precedent to recovery have been performed, waived, or have occurred.

Copy from re:SearchTX

## VI.  FACTS APPLICABLE TO ALL COUNTS

6.1     Plaintiff is the owner of a Texas Commercial Policy number VBA750713 00 issued by COVINGTON (the "Policy").

6.2     Plaintiff owns the insured Commercial property, which is specifically located at 400 Water Street, Waxahachie, Texas 75165 (the "Property").

6.3     COVINGTON, or its agent(s), sold the Policy, insuring and covering the Property against damages from storm-related and interior water loss events, to Plaintiff.

6.4     Plaintiff suffered immediate and severe damage to his commercial property as a result of water and roof damage related to Winter Storm Uri that occurred on or about February 19, 2021.

6.5     The Plaintiff timely submitted a claim to COVINGTON.  COVINGTON assigned various adjusters to adjust the claim.  However, COVINGTON and its agents were not diligent in investigating Plaintiff's loss.  COVINGTON failed to timely and accurately investigate the covered loss.  COVINGTON assigned claim number 7030155261 to Plaintiff's claim.

6.6     Ultimately, COVINGTON, inspected Plaintiff's property after the loss.  During the inspection, COVINGTON, was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of, and then quantifying the damage done to Plaintiff's property.

6.7     COVINGTON prepared a repair estimate which did not account for all of the covered damages.  Further, even the damages that were accounted for were vastly under-scoped.  Thus, Defendant COVINGTON demonstrated it did not conduct a thorough investigation of the claim.

6.8     Defendant COVINGTON failed to fairly evaluate and adjust Plaintiff's claim as

---

Copy from re:SearchTX

they are obligated to do under the Policy and Texas law.  By failing to properly investigate the claim and wrongfully denying full coverage to Plaintiff, COVINGTON engaged in unfair settlement practices by misrepresenting material facts to Plaintiff.

6.9     Defendant COVINGTON failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendant COVINGTON failed and refused to properly pay proceeds for the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant COVINGTON's conduct constitutes a material breach of the insurance contract.

6.10    Defendant COVINGTON misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril.  Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(1).

6.11    Defendant COVINGTON's repair estimate under-scoped the covered damages and misrepresented the benefits under the Policy, which promised to pay the amount of loss to the Plaintiff.  Defendant's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section specified in Tex. Ins. Code § 541.051(1)(B).

6.12    Defendant COVINGTON failed to make an attempt to settle Plaintiff's claims in a prompt and fair manner, although they were aware of its liability to Plaintiff was reasonably clear under the Policy.  Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(2)(A).

6.13    Defendant COVINGTON failed to explain to Plaintiff why full payment was not being made.  Furthermore, Defendant did not communicate that future payments would be

---

PLAINTIFF'S ORIGINAL PETITION                                    PAGE -4-

Copy from re:SearchTX

forthcoming to pay for the entire losses covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiff's claims, in violation of Tex. Ins. Code § 541.060(a)(3).

6.14    Defendant COVINGTON failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants.  Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(4).

6.15    Defendant COVINGTON refused to fully compensate Plaintiff under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation.  Specifically, Defendant COVINGTON performed a results/outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property.  Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(7).

6.16    Defendant COVINGTON misrepresented the insurance policy sold to Plaintiff by (1) making an untrue statement of material fact regarding coverage; (2)  failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3)  making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage; (4) making a material misstatement of law;  and/or (5)  failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code, in violation of Section 541.061 of the same.

6.17    Defendant COVINGTON failed to meet its obligation under the Texas Insurance

Copy from re:SearchTX

Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline.  Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.055.

6.18    Defendant COVINGTON failed to accept or deny the Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.056.

6.19    Defendant COVINGTON failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim.  Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.058.

6.20    From the point in time Plaintiff's claim was presented to Defendant COVINGTON, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendant COVINGTON has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

6.21    As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff with respect to these causes of action.  On or about  March 16, 2022, Plaintiff's counsel sent a letter of representation requesting various documents related to the loss, including a certified true copy of

PLAINTIFF'S ORIGINAL PETITION                                                     PAGE -6-

Copy from re:SearchTX

the complete policy covering the property on the date of loss, with all endorsements.

6.22    On or about July 29, 2022, Plaintiff's counsel sent a Texas Insurance Code 542A Notice and Texas Deceptive Trade Practices Act ("DTPA") Demand letter to the Defendant. The letter gave Defendant a statement of the acts or omissions giving rise to the claim and included the specific amount alleged to be owed by the insurer on the claim for damage to or loss of a covered property, as well as the amount of reasonable and necessary attorney's fees incurred by Plaintiff as of the date of the Notice.  The letter also informed Defendants of potential violations under the DTPA and Insurance Code related to its handling and adjusting of Plaintiff's claim and potential claims, including attorney's fees, statutory penalty interest, and additional damages arising from those violations.  The Notice and Demand letter provided Defendants with the statutorily mandated sixty days to respond, and an opportunity to resolve the claim without extended litigation costs.  The letter was submitted with a line-itemed Xactimate damage estimate with color photos, detailing the exact damages at the Property and the costs to repair it. Defendant acknowledged the letter, then maintained its previous claims stance and denied the Demand in its entirety in a letter to the Plaintiff's counsel dated September 26, 2022; satisfying the sixty-one day statutory notice requirement, as well as the statutory requirement that Defendants either deny a DTPA and Insurance Code Demand or be allotted a sixty-day time period to attempt to resolve the claim before a Petition is to be filed.

6.23    Though the Demand period had expired, Plaintiff did agree to a pre-suit mediation, but COVINGTON subsequently refused to produce the claims file for this claim.

6.24    To date, Defendant COVINGTON has failed to and refused to pay Plaintiff for the proper repair of the property.  Plaintiff's experience is not an isolated case.  The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such

Copy from re:SearchTX

frequency that they constitute a general business practice of Defendants with regard to handling this type of claim.  Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII.  COUNTS

7.1    Plaintiff incorporates by reference all facts, statements, and allegations set forth in all previous paragraphs, as if set forth in full in each cause of action that follows.

### 7.2    COUNT 1 – BREACH OF CONTRACT

a.    At the time of the loss, Plaintiff had valid, enforceable insurance contract in place, issued by Defendant (the "Policy").  Plaintiff was the insured of the contract. Plaintiff fully performed his contractual obligations by making premium payments as required by the insurance contract, and at all times complied fully with all material provisions of the Policy.

b.    According to the Policy that Plaintiff purchased, Defendant COVINGTON had the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages.  As a result of these damages, which result from covered perils under the Policy, the Plaintiff's property has been damaged.

c.    Defendant COVINGTON's failure to properly investigate and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a material breach of Defendant COVINGTON's contract with Plaintiff.  As a result of this breach of contract, Plaintiff has suffered the damages that are described in this Petition, the producing cause of which is Defendant's actions.

Copy from re:SearchTX

7.3      **COUNT 2 –  PROMPT PAYMENT OF CLAIMS; VIOLATION OF TEXAS INSURANCE CODE §542, ET SEQ.**

a.      Under the Texas Insurance Code, Defendant COVINGTON had a duty to investigate and pay Plaintiff's claim under the Policy in a timely manner.  Defendant COVINGTON violated Chapter 542 of the Texas Insurance Code by not timely: (1) commencing its investigation of the claim; (2) requesting information needed to investigate the claim; (3) communicating with its insured regarding the status of its investigation, including failing to accept or reject Plaintiff's claim in writing within the statutory timeframe; (4) conducting its investigation of the claim; and (5) paying the claim.

b.      All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this Petition.  Defendant COVINGTON is therefore liable under Chapter 542 for penalty interest at the rate set forth in the statute, and attorney's fees taxed as costs of this suit.

c.      Additionally, if it is determined Defendant COVINGTON owes Plaintiff any additional money on Plaintiff's claim, then Defendant has automatically violated Chapter 542 in this case.

7.4      **COUNT 3 –  UNFAIR INSURANCE PRACTICES; VIOLATION OF TEXAS INSURANCE CODE § 541, ET SEQ.**

a.      As an insurer, Defendant COVINGTON owes statutory duties to Plaintiff as its insured.   Specifically, the Texas Insurance Code prohibits Defendant COVINGTON from engaging in any unfair or deceptive act or practice in the business of insurance.

b.      By its acts, omissions, failures, and conduct, Defendant COVINGTON has

Copy from re:SearchTX

engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this Petition, plus Defendant's unreasonable delays and under-scoping in the investigation, adjustment, and resolution of the Plaintiff's claim, plus Defendant's failure to pay for the proper repair of the Plaintiff's property on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiff the benefit of the doubt. Specifically, Defendant COVINGTON are guilty of the following unfair insurance practices:

    i.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    ii.    Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability had become reasonably clear;

    iii.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement;

    iv.    Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

    v.    Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

    vi.    Misrepresenting the insurance policy sold to Plaintiff by (1) making an untrue statement of material fact regarding coverage; (2) failing to state a material fact necessary to make other statements made not misleading,

---

PLAINTIFF'S ORIGINAL PETITION                                    PAGE -10-

Copy from re:SearchTX

considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage; (4) making a material misstatement of law; and/or (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code.

c.      Defendant COVINGTON has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing.  Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this Petition.

d.      All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this Petition, and were done knowingly and/or intentionally as that term is used in the Texas Insurance Code.

7.5     **COUNT 4 – DTPA; VIOLATIONS OF TEXAS BUSINESS AND COMMERCE CODE § 17.46, ET SEQ.**

a.      Plaintiff is an individual who sought and acquired a good, the Policy that is the subject of the suit, by purchase, from the Defendant.  Plaintiff also sought and acquired the service and adjustment of claims under that policy, a service that was "furnished in connection with the sale or repair of goods", as defined by the DTPA.  This qualifies Plaintiffs as consumers of goods and services provided by Defendant as defined by the Texas Deceptive Trade Practices Act ("DTPA"), codified under TEX. BUS. & COM. CODE ANN. Chapter 17.  The Plaintiff has met all conditions precedent to bringing this cause of action against Defendants.  Specifically, Defendant's violations of the DTPA include without limitation, the following matters.

b.      By its acts, omissions, failures, and conduct that are described in this

---

Copy from re:SearchTX

Petition, Defendant COVINGTON has committed false, misleading, or deceptive acts or practices in violation of § 17.46(b)(2), (3), (5), (7), (11), (12), (13), (20), and (24) of the DTPA.  In this respect, Defendant's violations include without limitation:

      i.      Unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, during which Defendant employed a series of alleged "independent adjusters" under the control of Defendant, that caused confusion to Plaintiff as to whom was representing whom, and had whose best interests in mind.  This gives Plaintiff the right to recover under Section 17.46(b)(2) and (3) of the DTPA;

      ii.      As described in this Petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services had characteristics, uses, or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

      iii.      As described in this Petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

      iv.      As described in this Petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

      v.      Defendant knowingly made false or misleading statements of fact concerning the need for replacement of roofing systems, which gives Plaintiff the

Copy from re:SearchTX

right to recover under Section 17.46(b)(13) of the DTPA;

vi.    Defendant breached an express and / or implied warranty that the damage caused by the subject loss would be covered under the insurance policies. This entitles the Plaintiff to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

vii.    Defendant failed to disclose information concerning the insurance policy which was known at the time of the transaction where the failure to disclose such information was intended to induce the Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed. This gives Plaintiff the right to recover under Section 17.46(b)(24) of the DTPA;

viii.    Defendant's actions, as described in this Petition, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

ix.    Defendant's conduct, acts, omissions, and failures as described in this Petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA, under which violations of Chapter 541 of the Texas Insurance Code are an enabling statute.

c.    All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this Petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and

Copy from re:SearchTX

intentionally, as those terms are used and defined in the Texas Deceptive Trade Practices Act.

7.6      **COUNT 5 – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

a.      By its acts, omissions, failures, and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim, and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.

7.7      **COUNT 6 – MISREPRESENTATION**

a.      Defendant COVINGTON is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Defendant COVINGTON did not inform Plaintiff of certain exclusions in the policy. Misrepresentations were made by Defendant COVINGTON or its agents, with the intention that they should be relied upon and acted upon by Plaintiff, who relied on the misrepresentations to Plaintiff's detriment. As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees. Defendant COVINGTON is liable for these actual consequential and penalty-based damages.

Copy from re:SearchTX

## VIII.  WAIVER AND ESTOPPEL

8.1     Defendant is waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to the Plaintiff.

## IX.  DAMAGES / CLAIMS FOR RELIEF

9.1     All the damages described and sought in this Petition are within the jurisdictional limits of the Court.  In accordance with TEX. R. CIV. P. 47(c), Plaintiff hereby notifies the Court that Plaintiff is seeking monetary relief over $250,000 but not more than $1,000,000.

9.2     The above described acts, omissions, failures, and conduct of Defendants caused Plaintiff's damages, which include, without limitation, (1) the cost to properly repair Plaintiff's property, (2) any investigative and engineering fees incurred by Plaintiff, (3) court costs, and (4) attorney's fees.  Plaintiff is entitled to recover consequential damages from Defendants' breach of contract.  Plaintiff is also entitled to recover the amount of Plaintiff's claim plus interest on the amount of the claim, under Chapter 542 of the Texas Insurance Code, as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under TEX. FIN. CODE ANN. § 304.003, accruing beginning on the date the claim was required to be paid.  This interest is in addition to prejudgment interest.

9.3     Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA, which allows recovery of up to three times economic damages.  Where there is an enabling statute for the DTPA, as there is here with the Texas Insurance Code, Plaintiff is entitled to recovery of up to three times actual damages.

Copy from re:SearchTX

Plaintiff is further entitled to the additional damages that are authorized by Chapter 541 of the Texas Insurance Code.

9.4     Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in TEX. CIV. PRAC. & REM. CODE ANN. Chapter 41.  These violations by Defendant are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in the amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## X.  ATTORNEY'S FEES

10.1    As a result of Defendant's conduct that is described in this Petition, Plaintiff has been forced to retain the undersigned law firm and attorney to prosecute this action, and has agreed to pay reasonable attorney's fees.  Plaintiff is entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code, Chapters 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XI.  DISCOVERY

11.1    In accordance with TEX. R. CIV. P. 194.1 and 194.2, the Defendant must, without awaiting a discovery request, provide to Plaintiff and any other parties, the updated initial disclosures described in Rule 194.2, within thirty (30) after the filing of the first answer or general appearance.

## XII.  JURY DEMAND

12.1    Plaintiff demands a jury trial and tenders the appropriate fee with this Petition.

Copy from re:SearchTX

## XIII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff ELEOMAR RENDON prays that Defendant COVINGTON SPECIALTY INSURANCE COMPANY  be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to economic damages, actual damages, consequential damages, statutory penalty interest, treble damages under the Texas Deceptive Trade Practices Act and Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest, at the highest rate allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By:  /s/ *Jesse S. Corona*  _____

Jesse S. Corona
Texas Bar No. 24082184
Southern District Bar No. 2239270
12807 Haynes Road, Bldg. E
Houston, Texas 77066
Telephone:  281-882-3531
Facsimile:  713-678-0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFF**

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Paola Borrego on behalf of Jesse Corona
Bar No. 24082184
pborrego@thecoronalawfirm.com
Envelope ID: 72036513
Status as of 1/23/2023 1:06 PM CST

Associated Case Party: Eleomar Rendon

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| CLF Docket | | clfdocket@thecoronalawfirm.com | 1/23/2023 11:48:01 AM | SENT |
| Jesse S.Corona | | jesse@thecoronalawfirm.com | 1/23/2023 11:48:01 AM | SENT |
| Paola J.Borrego | | pborrego@thecoronalawfirm.com | 1/23/2023 11:48:01 AM | SENT |

Associated Case Party: Covington Specialty Insurance Company

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John MichaelRaborn | | jmr@egglestonbriscoe.com | 1/23/2023 11:48:01 AM | SENT |

Filed 1/23/2023 11:48 AM
Melanie Reed
District Clerk
Ellis County, Texas

**ELLIS COUNTY DISTRICT CLERK**                                                    **(972)825-5091**

**REQUEST FOR ISSUANCE – E-FILING OR PRO SE**

## CITATIONS, PRECEPTS, NOTICES, WRITS, TRO'S

**PLEASE USE OTHER REQUEST FORMS (FOUND ON OUR WEBSITE) FOR ANY OTHER TYPE OF ISSUANCE**

- This document MUST be filed as a separate LEAD document when e-filing.
- Issuance will NOT be done until this completed form is received.
- Choose the filing code "Request" (if able), then select the type of issuance under "Optional Services".
- If a service document is required, you MUST add the copy fees under "Optional Services" & enter the quantity of pages for each document to be served.

CAUSE NUMBER: _____

TITLE OF DOCUMENT/S TO BE SERVED: Plaintiff's Original Petition _____

STYLE OF CASE: Eleomar Rendon v. Covington Specialty Insurance Company _____

### PLEASE SELECT BELOW THE TYPE AND QUANTITY OF ISSUANCE/S NEEDED:

| TYPE | COST | QUANTITY | TYPE | COST | QUANTITY |
|------|------|----------|------|------|----------|
| Citation | $8 | 1 | Writ: Execution | $8 | _____ |
| Precept / Notice | $8 | _____ | Writ: Commitment | $8 | _____ |
| Temp Restraining Order | $8 | _____ | Writ: Garnishment | $8 | _____ |
| Scire Facias | $8 | _____ | Writ: Sequestration | $8 | _____ |
| Writ: Attachment | $8 | _____ | Writ: Turnover | $8 | _____ |
| Writ: Possession | $8 | _____ | Writ: Other | $8 | _____ |

Requestor Name: Jesse S. Corona _____

Requestor Phone No.: 281-882-3531 _____

E-Mail: Jesse@thecoronalawfirm.com _____

**(This e-mail address should be listed by you under "Service Contacts" in e-filing.)**

Copy from re:SearchTX

## All Issuance will be e-filed back to the e-mail address listed on page 1 unless otherwise indicated by choosing one of the following:

☐  I am Pro Se and will pick up my issuance. **This option is ONLY available if Pro-Se.**

☐  Service by Certified Mail – Please pay for service copy under "Optional Services".

☐  I would like restricted certified mail:  Y ☐  N ☐

☐  Service by Sheriff or Constable – Please pay for service copy under "Optional Services".

Sheriff ☐  Const., Pct 1 ☐  Const., Pct 2 ☐  Const., Pct 3 ☐  Const., Pct 4 ☐

☐  Posting – A Motion & Order are required. Please pay for a service copy under "Optional Services".

☐  Publication – A Motion & Order are required. Which publication: _____

## Service Information:

**NAME OF PARTY TO BE SERVED:** Covington Specialty Insurance Company _____ Type of Issuance: Citation _____

Address for service (include registered agent of applicable):
Senior Claims Office of RSUI Group, Inc.,  945 East Paces Ferry Road, Atlanta, Georgia 30326-1160 or his designee, _____

c/o the Texas Commissioner of Insurance, Chief Clerk Office,
_____

333 Guadalupe MC 112-2A, P.O. Box 149104, Austin, Texas 78714-9104, or wherever it may be found
_____


**NAME OF PARTY TO BE SERVED:** _____ Type of Issuance: _____

Address for service (include registered agent if applicable):
_____
_____
_____


**NAME OF PARTY TO BE SERVED:** _____ Type of Issuance: _____

Address for service (include registered agent if applicable):
_____
_____
_____


IF THERE ARE MORE PARTIES TO BE SERVED, PLEASE USE THE 2ND PAGE OF AN ADD'L REQUEST FORM. THANK YOU

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Paola Borrego on behalf of Jesse Corona
Bar No. 24082184
pborrego@thecoronalawfirm.com
Envelope ID: 72036513
Status as of 1/23/2023 1:06 PM CST

Associated Case Party: Covington Specialty Insurance Company

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John MichaelRaborn | | jmr@egglestonbriscoe.com | 1/23/2023 11:48:01 AM | SENT |

Associated Case Party: Eleomar Rendon

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| CLF Docket | | clfdocket@thecoronalawfirm.com | 1/23/2023 11:48:01 AM | SENT |
| Jesse S.Corona | | jesse@thecoronalawfirm.com | 1/23/2023 11:48:01 AM | SENT |
| Paola J.Borrego | | pborrego@thecoronalawfirm.com | 1/23/2023 11:48:01 AM | SENT |

Copy from re:SearchTX